■ Carlos Gonzalez et al., Respondents, v Vicki L. Been, Commissioner, Department of Housing Preservation and Development of the City of New York, et al., Defendants, and Board of Directors and Officers of Lindsay Park Housing Corp. et al., Appellants. [41 NYS3d 700]—

Order, Supreme Court, New York County (Debra A. James, J.), entered June 30, 2015, which, to the extent appealed from as limited by the briefs, denied the Lindsay Park defendants' cross motion for summary judgment dismissing plaintiffs' third cause of action, alleging "bad faith" under the business judgment rule, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment dismissing the complaint.

Supreme Court erred in declining to grant that portion of the Lindsay Park defendants' motion for summary judgment dismissing plaintiffs' third cause of action, alleging bad faith. The business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes" (*Auerbach v Bennett*, 47 NY2d 619, 629 [1979]; *see Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990]).

Plaintiffs and other shareholders initiated a petition under article II, section 2 of Lindsay Park's bylaws calling for a special meeting to amend the bylaws to require the use of only directed proxies in election of directors and limit any one individual to holding no more than 91 proxies, and to discuss the maintenance increase that took place in 2014 and the one scheduled for 2015. Plaintiffs commenced this action alleging, inter alia, that by refusing to call the special meeting demanded by the petition, based on the results of the signature verification by an independent company, the board acted in bad faith. The independent company found that 326 signatures were found not to be signed by legitimate shareholders or were duplicates, and therefore invalid, which plaintiffs did not challenge.

Plaintiffs failed to raise a triable issue of fact as to whether the Lindsay Park defendants acted in bad faith, so as to preclude application of the business judgment rule (*see Owen v Hamilton*, 44 AD3d 452, 456-457 [1st Dept 2007], *lv dismissed* 10 NY3d 757 [2008]). Even though the use of an independent verification company was not authorized by the bylaws, it was also not prohibited by the bylaws, and the remaining correspondence plaintiffs rely upon to show bad faith is insufficient to satisfy their burden (*see Jones v Surrey Coop. Apts.*, 263 AD2d 33, 37 [1st Dept 1999]).

We have considered the parties' remaining contentions and find them unavailing or academic. Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ.